[No. 9655.   Department One. — March 26, 1887.]

WILLIAM SNYDER, RESPONDENT, v. TUNITAS PE-
    TROLEUM COMPANY, APPELLANT.

PRACTICE — PLEADINGS — FINDINGS — IMMATERIAL ISSUE. — The action was
    brought to recover the price of certain stock delivered by the plaintiff to
    one Bodwell, for the benefit of and at the special request of the defend-
    ant. The complaint, after alleging the delivery of the stock, and the
    defendant's promise to pay therefor, averred that the same was delivered
    by way of and for the purpose of paying Bodwell for work and labor
    done for and on behalf of the defendant. *Held*, that the averment was
    immaterial, and that no finding as to the precise nature of the indebted-
    ness from the defendant to Bodwell was necessary.

ID. — *Held further*, that the findings need not show who employed Bodwell,
    nor what was the value of the stock when delivered, nor that the defend-
    ant or any of its officers had authority to employ him, nor the value of
    his labor.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*Robert Ash*, for Appellant.

*Crittenden Thornton*, and *F. H. Merzbach*, for Respond-
ent.

McKINSTRY, J. — The questions presented on this ap-
peal arise out of an examination of the findings in con-
nection with the second cause of action set forth in the
complaint, and the answer thereto.   The complaint avers
" that heretofore, to wit, on or about October 1, 1882, this
plaintiff delivered unto one H. H. Bodwell one thousand
(1,000) shares of the capital stock of the Tunitas Petro-
leum Company, then and there belonging to this plain-
tiff, at the special instance and request and for the sole
benefit of the defendant; that the said stock of the de-
fendant corporation was given by this plaintiff to the
said Bodwell by way and for the purpose of paying him,
the said Bodwell, for work and labor done for and on

behalf of the defendant corporation; that the defendant then and there promised to pay this plaintiff one thousand (1,000) dollars for the said stock then and there delivered in its behalf to the said Bodwell." The answer to the averments is: "Defendant denies that it is indebted to said plaintiff in any sum of money whatever for any stock of said company; denies that said plaintiff delivered to H. H. Bodwell one thousand shares of the capital stock of the Tunitas Petroleum Company belonging to him, or any part thereof, or any stock whatever; and denies that the alleged stock, or any stock whatever, was given by plaintiff to said Bodwell for the purpose of paying him for work and labor; denies that the said corporation defendant promised to pay the said plaintiff one thousand dollars for the alleged stock, or any stock of said plaintiff, or any part of the sum of one thousand dollars for any such stock."

The findings on these issues are: "1. That the defendant corporation employed the plaintiff as its superintendent for a long period of time; that on or about the first day of October, 1882, the defendant corporation entered into a contract with the plaintiff by which he was to receive nine months' pay, at $150 for each and every month,—that is to say, $1,350 as payment in full for his, services as superintendent of the said defendant corporation; that the said defendant corporation paid $919 of the said sum of $1,350 which it had agreed to pay to the said plaintiff, and no more. 2. That on the first day of October, 1882, the defendant corporation was indebted to the plaintiff in the sum of $431 for his labor and work performed as superintendent of the defendant, at defendant's special instance and request. 3. That heretofore, on the first day of October, 1882, this plaintiff delivered to one H. H. Bodwell one thousand shares of the capital stock of the defendant corporation; that the said stock was the property of this plaintiff, and was delivered to the said H. H. Bodwell at the special instance and re-

quest and for the sole benefit of the defendant; that the said stock was given by the plaintiff to the said Bodwell by way of and for the purpose of paying him, the said Bodwell, for work and labor done for and on behalf of the defendant corporation; that the said defendant corporation received tankage and moneys from the said H. H. Bodwell for the said stock, and then and there promised to pay the sum of one thousand dollars for the said stock then and there delivered in its behalf to the said Bodwell; that the defendant corporation has not paid the one thousand dollars, or any part thereof, to the plaintiff, or any one in his behalf."

Appellant contends that the third finding does not respond to the issue made by the pleadings, because the finding is that the defendant "received tankage and money," not "work and labor," from Bodwell. But the averment in the complaint that the stock was delivered by plaintiff to Bodwell "for the purpose of paying him for work and labor done for and on behalf of the defendant corporation" might have been omitted. The finding as to the precise nature of the indebtedness (if any) from defendant to Bodwell was immaterial.

Appellant says the finding is insufficient because it is not found "who employed Bodwell," nor what was the value of the stock when delivered, nor that the corporation, or any of its officers, had authority to employ Bodwell, nor the value of the labor or of the tankage. There was no necessity that these matters should be found. But the court did find that Bodwell worked for and on behalf of the defendant, and that the defendant received "tankage" and moneys from him.

Judgment affirmed.

TEMPLE, J., and PATERSON, J., concurred.